PEOPLE v. SAMMIS.

*Criminal law — change of place of trial — what is essential to authorize such change.*

It is the right of both the people and the person accused of crime to have the trial take place in the county where the crime is alleged to have been committed, and when the accused applies to change the place of trial he must make a clear case, that by reason of popular passion or prejudice, he cannot have a fair and impartial trial in the county where the venue is laid.

People v. Sammis.

Accordingly, where affidavits only stated the belief of persons that a fair trial could not be had, and the only fact established was that there was great excitement in respect to an alleged crime, and that newspapers had articles more or less expressing the public passion, but no passion or prejudice was shown to exist as to the guilt of any particular person, *held*, that there was not such a state of feeling shown as would authorize a change of venue.

APPEAL by defendants from an order at special term denying defendant's motion to change the place of trial.

The defendants were Royal Sammis, Rudolph Sammis and George B. Banks. There were two indictments — one for assault and battery and one for murder in the second degree. One indictment was against Royal and Rudolph Sammis. The other against Royal Sammis and Banks. The person alleged to be murdered, and in the attack upon whom the assault and battery and riot were charged to have occurred, was one Charles G. Kelsey, a resident of Huntington in Suffolk county. The affidavits consisted of first that of Royal Sammis, which set forth that said Kelsey had disappeared; that portions of a mutilated human body had been found, believed to be his; that these facts were matters of great and extraordinary notoriety not only in the town of Huntington, but in the county of Suffolk; that newspapers published in the county of Suffolk had charged these defendants with the crimes for which they were indicted, and had been for a long time filled with inflammatory and denunciatory articles, and had stimulated a bitter public feeling against defendants. Extracts of a violent character, published in a newspaper issued in the town of Huntington, and also extracts from papers published in New York city were set forth. The affidavit further alleged that the Suffolk *Bulletin*, one of said papers, circulated largely throughout Suffolk county, and that by reason of the prejudice and excitement existing in said county a fair trial could not be had. Thirty-four affidavits by as many residents of the town of Huntington set forth the belief of deponents in the matters set forth in the affidavits of Sammis. Not one of the supporting affidavits set forth a fact occurring outside of the limits of the town of Huntington, and the moving affidavits were, to a great extent, as to the feeling in the county statements of belief.

The opposing affidavits denied the statements made, and set forth facts corroboratory of the denial.

*John R. Fellows* and *Charles W. Brooke,* for appellants.

*J. H. Tuthill* and *Francis C. Barlow,* for the people.

Present — BARNARD, P. J., TAPPEN and DONOHUE, JJ.

BARNARD, P. J. No sufficient case is made to change the place of trial upon these indictments. It is the right, both of the people and of the person accused of crime, to have the trial take place in the county where the crime is alleged to have been committed. When an accused person applies to change the place of trial, he must, under all the cases make a clear case, that by reason of popular passion or prejudice, he cannot have a fair and impartial trial in the county where the venue is laid. *People* v. *Vermilyea,* 7 Cow. 139 ; *People* v. *Bodine,* 7 Hill, 147. Affidavits stating belief of persons that a fair trial cannot be obtained, are not sufficient ; facts and circumstances must be established by the moving papers.

The only facts established by the defendant on this application are that great excitement exists in Suffolk county in reference to an inhuman and nameless outrage on Charles G. Kelsey ; that the public newspapers in the town of Huntington, where the crime was committed, have had articles more or less expressing the popular passion.

I fail to discover that any passion or prejudice exists as to the guilt of any particular person. If the fact be that a proposed juror has made up his mind as to the portion of the body found in Huntington bay being the remains of Charles G. Kelsey, such juror can be set aside as having made up an opinion upon a disputed fact essential to the guilt of the accused.

There is no such a state of feeling shown by the papers as to authorize us to say that a jury of Suffolk county cannot patiently hear and justly consider and decide upon the evidence which may be adduced before them upon the trial of these defendants.

The order should be affirmed.

DONOHUE, J., dissented.

*Order affirmed.*